DOMINE BUILDERS SUPPLY CORP., in Behalf of Itself and All Other Persons Similarly Situated, Appellant, *v.* GLENROCK MASONRY PRODUDTS, INC., Defendant, and ROBERT HALLING, Respondent.

Fourth Department, May 19, 1966.

*MacFarlane, Harris, Martin, Kendall & Dutcher* (*Martin S. Weingarten* of counsel), for appellant.

*Clause, Curry & Schuster* (*Bernard Schuster* of counsel), for respondent.

*Per Curiam.* In this representative action brought under section 77 of article 3-A of the Lien Law plaintiff, a material supplier creditor, asked for judgment against defendant corporation and defendant Halling, its sole stockholder and director, for moneys received by them from lending institutions under build-

ing loan mortgages on the ground that said sums constituted trust funds for benefit of plaintiff and all others similarly situated. The trial court granted judgment against the corporation but denied relief against the individual defendant, finding that " the proof does not show that the defendant Robert Halling had specific knowledge, or participated in the actual diversions * * * or * * * that he appropriated any property to himself ". This finding was erroneous and judgment also should have been granted against the individual defendant. The uncontradicted evidence, testified to by the individual defendant and one Camp, the nominal president of the corporation, demonstrated that Halling acquired the corporation in 1959 when it had no assets and was " simply a corporate shell ". He made no capital investment in the corporation, although he received all of its stock and was the sole active director during all of the period of its operation, which terminated in 1961 by an assignment to creditors. In the two years of its activity, Halling made a few advances to the corporation pending the securing of financing, all of which were repaid to him, and in addition to which he received $5,000 as a profit. He testified that although the corporation was insolvent and had many creditors when it ceased doing business, he was owed nothing. From its inception the corporate office was located in Halling's home and the lots purchased by it for construction of homes were selected by Halling, who had long experience in the real estate business. It was Halling who negotiated for the real property and who prepared and executed the purchase agreements. Camp testified that he never had any financial interest in the corporation, that he did everything Halling told him to do, that Halling selected the First Federal as the lending agency and " was generally aware of everything that " Camp was doing. Camp's complete detachment from financial matters was summed up in his statement that while he knew there were many unpaid materialmen " that wasn't my concern ". Camp was to manage the work of construction of the homes and it was Halling " whose end was to worry about creditors ". To this end the accountant sent copies of trial balances to Halling monthly. Halling in effect admitted his trustee responsibility by personally paying some of the more pressing creditors " out of my own checking account ". The principal diversion of trust moneys was for down payments for lots purchased through Halling's negotiations and his claim that he did not know of this and other diversions is incredible. The applicable legal principles involved in this litigation are not in dispute. Halling as the owner of all

the stock and the only active director of the corporation was in fact the corporation, and in that position he was " bound by all those rules of conscientious fairness, morality, and honesty in purpose, which the law imposes as the guides for those who are under the fiduciary obligations and responsibilities, and they are held, in official action, to the extreme measure of candor, unselfishness, and good faith " (12 N. Y. Jur., Corporations, § 864). " It has been declared generally that the position of a director is one of trust in which he owes an active duty of faithful conduct not only to the stockholders but also to the corporate creditors." Halling was "in effect trustee of its assets for the protection of the rights of creditors " (12 N. Y. Jur., Corporations, § 865; see, also, *People* v. *Marcus,* 261 N. Y. 268). The judgment relieving defendant Halling from personal liability should be reversed and judgment should be granted against him as well as against the corporation.

WILLIAMS, P. J., BASTOW and GOLDMAN, JJ., concur; HENRY and MARSH, JJ., dissent and vote to affirm.

Judgment insofar as appealed from modified on the law and facts and as modified affirmed, with costs to plaintiff-appellant. Certain findings of fact disapproved and reversed and new findings and conclusions made.